## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MICHAEL E. KELLY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 21-cv-1949 |
| THE UNITED STATES, | ) Filed: January 9, 2023 |
| Defendant. | ) |

## **ORDER**

Pending before the Court is Plaintiffs' Counsel's Motion to Withdraw as Counsel of Record. *See* ECF No. 15. The motion explains that the process to substitute counsel has taken longer than expected and that Counsel are seeking withdrawal "out of caution, before briefing begins on the Government's motion to dismiss." *Id.* at 1 n.1. Plaintiffs' Counsel further ask the Court to defer a ruling on their motion until January 20, 2023, or until a motion to substitute new counsel for Plaintiffs is filed. Upon review, the Motion is **DENIED**.

As an initial matter, the Court notes that the motion fails to acknowledge that Plaintiffs neither complied with the Court's order to file a motion to substitute counsel by December 1, 2022, nor did they seek an extension of that deadline. *See* ECF No. 14. The motion also makes no commitment as to when the now-late motion to substitute will be filed. The Court surmises that the anticipated date is January 20, 2023, although Counsel fail to clearly explain the significance of that day.

In any event, a motion to withdraw is unnecessary under Plaintiffs' stated plan to substitute counsel. Pursuant to Rule 83.1(c)(4)(A)(i)(I) of the Rules of the United States Court of Federal Claims ("RCFC"), with Counsel's consent, the forthcoming motion to substitute filed by new

counsel will be sufficient to effectuate the withdrawal of current counsel. Moreover, to the extent Counsel seek to withdraw before the substitution (as appears to be suggested in the motion's final paragraph), the Court's rules likely do not permit such request because a number of Plaintiffs to this action are corporate entities. A corporate plaintiff before the Court must be represented by counsel. *See* RCFC 83.1(a)(3), (c)(1). Therefore, in the absence of a motion to substitute, any motion to withdraw must at a minimum address the question of legal representation for corporate plaintiffs.

Accordingly, the Motion to Withdraw as Counsel of Record is **DENIED**, without prejudice to effective renewal by a motion seeking leave to substitute counsel in accordance with RCFC 83.1(c)(4). The Court will set a deadline of **January 20, 2023**, to file the motion to substitute new counsel and trusts that, unlike the last deadline, Plaintiffs shall comply or properly seek additional time. Furthermore, given that Counsel notified the Court over five months ago about the need to substitute counsel and that the Court has already modified the briefing schedule twice to accommodate that process, it will not *sua sponte* extend the February 3rd deadline for Plaintiffs' response to the Motion to Dismiss, as Plaintiffs suggest.

**SO ORDERED.**

Dated: January 9, 2023

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge